UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARON PRUIETT, ALLISON LOWRY, JERON BRAY, LATASIA WRIGHT, ROSANNE BARONE, LAUREN WILSON, AND ROBIN YARNALL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 3:11-00747 Judge Trauger |
| WEST END RESTAURANTS, LLC d/b/a BRICKTOP'S, INC. | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The defendant has submitted a Motion to Dismiss Or, in the Alternative, to Compel Arbitration (Docket No. 15) with a supporting memorandum (Docket No. 16), to which the plaintiffs have filed an opposition (Docket No. 30), and the defendants have filed a reply (Docket No. 34). The plaintiffs have also submitted a related Motion to Expedite Court-Supervised Notice (Docket No. 18).

## BACKGROUND

The Plaintiffs are six current and former employees of the Defendant West End Restaurants, LLC d/b/a BrickTop's, Inc. ("BrickTop's"), a company that owns restaurants in the Tennessee area. (Docket No. 13 ¶ 3.) The Plaintiffs filed a collective action complaint, alleging that BrickTop's deprived the Plaintiffs and all others similarly situated of their right to a required minimum wage and their right to overtime pay, in violation of §§ 206(a)(1) and 207(a) of the Fair Labor Standards Act ("FLSA"). (*Id.*) The Plaintiffs demand restitution of the compensation

1

alleged to have been unlawfully withheld, along with liquidated damages. (*Id.* at ¶ 19.)

The parties agree on all relevant facts concerning the motion. The Plaintiffs each signed a "Mediation and Arbitration Agreement" (hereinafter "Agreement") when they were hired by BrickTop's. (Docket No. 17 ¶ 3.) The Agreement provides for alternative dispute resolution procedures to resolve any dispute "arising out of, relating to, or associated with the employee's employment" at BrickTop's, explicitly including claims under the FLSA. (*Id.*, Ex. A, p. 2 at ¶ 2.) Under the Agreement, the parties must seek to resolve all employment-related disputes through confidential mediation before a third-party neutral mediator, conducted pursuant to the Rules and Procedures of the American Arbitration Association ("AAA"). (*Id.* at ¶ 1.) If a dispute cannot be resolved through mediation, the party who claims to be aggrieved has the right to initiate arbitration proceedings by filing a request for arbitration within 30 days of the date on which the mediation closed without resolution. (*Id.* at ¶ 3.) The arbitration must be conducted before a neutral arbitrator with experience in employment law matters, subject to AAA Rules and Procedures. (*Id.* at ¶ 4.) In the arbitration, the arbitrator must apply the substantive law that would be applicable in this court (*id.* at ¶ 2) and may award any type of relief that would be available in this court (*id.* at ¶ 6.) BrickTop's pays all reasonable costs of the mediation and/or arbitration, including filing fees and mediator and arbitrator expenses. (*Id.* at ¶ 7.) Any party asserting a claim must do so within one year of accrual, as follows:

> 5. <u>Statute of Limitations</u>: Any claim covered by this Agreement shall be filed no later than one year after the claim arises and if the statute of limitations for any claim is less than one year, any such claim must be filed no later than the statute of limitations for that claim.

(*Id.* at ¶ 5.) Finally, a severability clause provides that, "[i]f any provision in this Agreement is

2

Case 3:11-cv-00747    Document 46    Filed 11/14/11    Page 2 of 15 PageID #: 568

found to be unenforceable, all other provisions will remain fully enforceable."[1] (*Id.* at 9)

BrickTop's contends that, under the Agreement, the Plaintiffs' claims are subject to mandatory alternative dispute resolution, not a lawsuit. The Plaintiffs contend that the one-year limitations provision in the Agreement is unenforceable, and that, as a consequence, the entire Agreement is void. In response, BrickTop's argues that, even if the limitations provision is unenforceable, it is severable. The Plaintiffs have also requested issuance of expedited notice to a putative class of similarly situated plaintiffs, which BrickTop's opposes.[2]

## ANALYSIS

**I.    Legal Standard**

Because BrickTop's has submitted and relied on materials outside the pleadings, the court will treat this motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 392 (6th Cir. 1975); *Gentry v. Home Quality Mgm't, Inc.*, No 4:06-CV-11, 2006 WL 1696953, at *1 (E.D. Tenn. June 16, 2006). Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, the parties do not dispute any facts concerning the motion or the supporting affidavit submitted by BrickTop's. Thus, the court must decide whether BrickTop's is entitled to judgment as a matter of law on the undisputed facts presented.

---

[1] At the time of initial hire, the Plaintiffs each signed a form acknowledging that they had read the Agreement carefully, understood its terms, entered into it voluntarily, and had the opportunity to discuss it with legal counsel. (*See, e.g.,* Docket No. 17, Ex. A at p. 4.)

[2] The Plaintiffs requested this relief in their opposition to BrickTop's motion to dismiss (Docket No. 30 at 9-10), and argued the merits of this request in a separate motion for expedited notice to the putative class, which is fully briefed. (Docket Nos. 18-20, 36-41, 45.)

3

The question whether the Plaintiffs' claims should be referred to arbitration is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (2011). The FAA provides that a party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration, and that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court must stay proceedings if an issue before the court is arbitrable under an agreement covered by the FAA, *id.* § 3, and the court must order arbitration if either party fails, neglects, or refuses to comply with the terms of an arbitration agreement, *id.* § 4.

The FAA manifests a liberal federal policy favoring arbitration agreements. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652-53 (6th Cir. 2003) (*en banc*). Accordingly, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *Morrison*, 317 F.3d at 675. Nevertheless, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer*, 500 U.S. at 26 (emphasis added). Accordingly, an agreement to arbitrate is valid "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum."[3] *Green Tree Fin. Corp.-Ala. v. Randolph*, 531

---

[3] There is no dispute that employment-related claims, including FLSA claims, are arbitrable. *See Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 311-12 (6th Cir. 2000).

4

U.S. 79, 90, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000), citing *Gilmer*, 500 U.S. at 28. However, even if an arbitration provision is unenforceable, the provision should be severed in favor of arbitration, unless the provision taints the entire agreement. *Morrison*, 317 F.3d at 675.

## II. Enforceability of the Contractual Limitations Provision

Under the FLSA, a plaintiff has two years to file a claim, unless the violation was willful, in which case the plaintiff has three years to file the claim. 29 U.S.C. § 255(a) (2011). Here, if enforced, the Agreement would shorten the statute of limitations on the Plaintiffs' FLSA claims to one year. The Plaintiffs contend that this limitation prevents BrickTop's employees from recovering full compensatory damages, thereby impermissibly denying them substantive rights conferred by the FLSA. Plaintiffs urge the court to adopt the reasoning of *Wineman v. Durkee Lakes Hunting & Fishing Club*, 352 F. Supp. 2d 815 (E.D. Mich. 2005), which, relying on the U.S. Supreme Court decision in *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981), held that a six-month limitations on FLSA claims was unenforceable as against public policy. In response, BrickTop's urges the court to adopt the reasoning of *Boaz v. Fed. Express Corp.*, 742 F. Supp. 2d 925 (W.D. Tenn. 2010), which rejected *Wineman* and found that a six-month contractual limitation on FLSA claims was enforceable, in part based on the U.S. Supreme Court's post-*Wineman* decision in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009).

(A) There is No Controlling U.S. Supreme Court Precedent Concerning Waiver of the FLSA Statute of Limitations.

As an initial matter, neither the U.S. Supreme Court decision in *Barrentine* nor the subsequent U.S. Supreme Court decision in *Penn Plaza* control the issues presented here. In *Barrentine*, the Court found that, where an employee had not agreed to arbitrate statutory claims,

arbitration of contract-based claims did not preclude subsequent judicial resolution of statutory claims based on the same underlying facts. *See Penn Plaza*, 129 S. Ct. at 1468 (characterizing holding in *Barrentine*).[4] Here, there is no dispute that the Agreement covers FLSA claims, so *Barrentine* is inapplicable. In *Penn Plaza*, the Court held that federal statutory claims were arbitrable under a collective bargaining agreement. 129 S. Ct. at 1461. In reaching this holding, the Court found that, absent Congressional preclusion of the arbitral forum, the right to judicial resolution of federal statutory claims was not a substantive right. *Id.* at 1465. The Court did not address whether the waiver of any other rights conferred by a federal statute, such as the statute of limitations, constituted an impermissible waiver of a substantive right. Thus, *Penn Plaza* is inapplicable on the issue of whether the FLSA statute of limitations may be abridged.

    (B)    Under Sixth Circuit Precedent, the Enforceability of the Contractual Limitations Clause Depends on Whether it Abridges FLSA Remedies.

An agreement to arbitrate is valid "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum." *Green Tree,* 531 U.S. at 90; *accord Morrison*, 317 F.3d at 658. The Sixth Circuit's decision in *Morrison*, which applied the *Green Tree* standard in analyzing whether to enforce particular provisions in a mandatory arbitration agreement, is applicable here.

---

[4] In the 2009 *Penn Plaza* decision, the Court distinguished a trilogy of prior decisions, including *Barrentine*, that had expressed hostility to arbitration as a means of resolving federal statutory claims. The Court found that these cases had "confused an agreement to arbitrate statutory claims with a prospective waiver of the substantive right." *Id.* at 1469. It confined these prior decisions to their narrow holdings and characterized language in those decisions, beyond these narrow holdings, as "broad dicta" premised on a "misconceived view of arbitration that this Court has long since abandoned." *Id.*

6

In *Morrison,* plaintiff Morrison[5] alleged that the defendant terminated her on the basis of race and gender, in violation of, *inter alia*, Title VII. 317 F.3d at 652, 655-56. The defendant sought to enforce an arbitration agreement that, in relevant part, obligated Morrison to split the costs of the arbitration, imposed a one-year statute of limitations on all employment-related claims, and limited compensatory damages to 12 months of back pay and 24 months of front pay. *Id.* at 654-655. The court examined Title VII and found that, unlike the arbitration agreement, the statute placed no presumptive limit on front pay and back pay awards. *Id.* at 670-72. The court therefore held that the contractual limits on remedies were unenforceable because "the arbitration agreement would require Morrison to *forego her substantive rights to the full panoply of remedies* under Title VII and would thereby contravene Congress's intent to utilize certain damages as a tool for compensating victims of discrimination and for deterring employment discrimination more broadly." *Id.* at 670 (emphasis added). In a footnote, the court also found that the one-year contractual limitations provision was enforceable. *Id.* at 673 n.16. It apparently did not view this finding as undermining its holding that a plaintiff's "substantive rights" to the "full panoply of remedies under Title VII" must be available in arbitration. Indeed, it does not appear that the contractual limitations provision, standing alone, would have precluded the plaintiff from full compensatory recovery for a claim timely filed within one year under the arbitration agreement.

Thus, under *Morrison*, compensatory remedies conferred by federal statute constitute "substantive rights" that may not be abridged by an arbitration agreement. Accordingly, if enforcing an arbitration agreement provision would prevent a claimant from recovering the "full

---

[5]The *Morrison* appeal consolidated two separate matters for *en banc* review. *Id.* at 652.

panoply" of compensatory remedies granted by the federal statute, even where that plaintiff files a timely claim under the agreement, that provision is unenforceable.

As *Morrison* also makes clear, contractually shortened limitation provisions are not *per se* unenforceable within the Sixth Circuit.[6] *See id.* at 673 n.16; *Thurman v. DaimlerChrysler*, 397 F.3d 352, 357-59 (6th Cir. 2004) (upholding six-month limitations period on § 1981 race discrimination claims); *Ray v. Fed. Express Corp. Serv., Inc.*, 668 F. Supp. 2d 1063, 1067-1069 (W.D. Tenn. 2009) (upholding six-month limitations period on ADEA age discrimination claims). However, unlike here, none of these matters identified any concern that, even for a contractually timely claim, enforcing the contractual limitations provision would *per se* preclude the plaintiff from achieving full compensatory recovery under the applicable federal statute.

Accordingly, the court here does not hold that a one-year limitation is *per se* unenforceable. However, the court still must conduct a statute-specific inquiry to determine whether, as the Plaintiffs contend, enforcement of the limitations provision would abridge the Plaintiffs' substantive right to full compensatory recovery under the FLSA. If so, the provision is unenforceable.

---

[6]Plaintiffs cite to several Ninth Circuit cases finding that a one-year contractual limitation on statutory claims was *per se* unenforceable. *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1076-78 (9th Cir. 2007); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1175 (9th Cir. 2003); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 894-95 (9th Cir. 2002). These cases rested on California law, under which employer-employee agreements are presumptively unenforceable and a one-year contractual limitations provision is *per se* unenforceable. The parties here have not identified any case in which the Sixth Circuit articulated similar concerns with employment agreements under federal or Tennessee law. Thus, the Ninth Circuit cases are of limited persuasive weight here. Another case cited by the Plaintiffs, *Gadson v. SuperShuttle, Int'l*, Civ. Action No. 10-cv-01057, 2011 WL 1231311, at *8 (D. Md. Mar. 30, 2011), held that a one-year limitation on FLSA claims was unconscionable, based on the Ninth Circuit decisions in *O'Melveny*, *Ingle*, and *Adams*. Accordingly, *Gadson* is also of limited persuasive weight.

C.  The One-Year Contractual Limitations Bar Is Not Enforceable as to FLSA Claims Because it Would Deny Successful Plaintiffs Full Compensation.

The FLSA requires employers to pay their employees a statutory minimum wage and to pay overtime compensation at a rate not less than one and one-half times the employees' regular rate of pay.  29 U.S.C. §§ 206 and 207 (2011).  An employer who fails to comply with these provisions is liable for the unlawfully withheld compensation, as well as an additional equal amount of liquidated damages.  *Id.* at § 216(b).  These damages, including liquidated damages, are compensatory.  *Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002).

A plaintiff seeking to recover under the FLSA must file the claim within two years of accrual of the cause of action, or within three years of accrual for a willful violation.  29 U.S.C. § 255(a) (2011).  Each paycheck that fails to include required wages constitutes a separate statutory violation.  *See Archer v. Sullivan Cnty.*, Nos. 95-5214, 95-5215, 129 F.3d 1263, 1997 WL 720406, at *2 (6th Cir. 1997).  The plaintiff may recover compensatory damages under § 216(b) as far back as the statute of limitations will reach – that is, the plaintiff may recover up to two years of compensatory damages if the violation was not willful, and up to three years of compensatory damages if the violation was willful, dating back from the date of the complaint. *See, e.g., Campbell v. Kelly*, No. 3:09-cv-435, 2011 WL 3862019, at *10 (S.D. Ohio Aug. 31, 2011) (finding that, where plaintiff filed FLSA claims on November 16, 2009, the plaintiff could seek relief dating back to November 17, 2007 for a non-willful violation, or back to November 17, 2006 for a willful violation); *Sisk v. Sara Lee Corp.*, 590 F. Supp. 2d 1001, 1004 (W.D. Tenn. 2008) (finding that where plaintiff filed FLSA claims on May 7, 2007, the "relevant time period" for willful violations began on May 7, 2004); *Herman v. Palo Grp. Foster Home, Inc.*, 976 F. Supp. 696, 700, 705-06 (W.D. Mich. 1997) (finding that defendant willfully violated

9

FLSA and awarding back wages and liquidated damages for period of three years prior to filing of complaint), *aff'd*, 183 F.3d 468 (6th Cir. 1999) (upholding damages award). Thus, under the FLSA, a plaintiff's substantive right to full compensation is determined by the statute of limitations. As a consequence, unlike the federal statutory claims at issue in *Morrison*, *Daimler-Chrysler*, and *Ray*, shortening the statute of limitations for an FLSA claim necessarily precludes a successful plaintiff from receiving full compensatory recovery under the statute.

Indeed, BrickTop's does not dispute that enforcing the contractual limitations provision would limit the Plaintiffs to one year of compensatory damages recovery, even though the FLSA entitles Plaintiffs to more. Thus, Defendants concede that the provision prevents plaintiffs from recovering the "full panoply" of compensatory remedies to which the FLSA entitles them. That is not a permissible result. Plaintiffs' substantive right to full compensation under the FLSA may not be bargained away. Accordingly, the contractual limitations provision is unenforceable as to FLSA claims.

In reaching this holding, the court has undertaken the necessary statute-specific analysis that neither the *Boaz* court nor the *Wineman* court conducted. In *Wineman*, which was issued before the U.S. Supreme Court decision in *Penn Plaza* limited *Barrentine* to its facts, the district court found that a six-month contractual limitations provision in an employment agreement was not enforceable as to FLSA claims. *Wineman*, 352 F. Supp. 2d at 821-23. The defendant had argued, as BrickTop's does here, that waiver of the FLSA statute of limitations constituted waiver of a procedural right, not a substantive right. *Id.* at 922. The court rejected this argument, reasoning that, "in light of the public policy implications, . . . that is a distinction without a difference." *Id.* In support of this reasoning, the court relied on *Barrentine* for the

10

proposition that even FLSA procedural rights, including the right to the judicial forum, could not be abridged, compromised, or waived by private agreement. *Id.* at 823. Thus, the court characterized the shortened limitations period as "a compromise of employees' rights under the FLSA" in violation of public policy. *Id.* at 822-23. It did not analyze whether the shortened statute of limitations affected FLSA remedies, likely based on its assumption that *Barrentine* rendered that inquiry irrelevant.

In *Boaz*, the district court enforced a six-month contractual limitation on FLSA claims, but, like *Wineman*, did not analyze whether that limitation affected FLSA remedies. In *Boaz*, the plaintiff had asserted claims under Title VII for race and gender discrimination, as well as FLSA claims for pay discrimination and failure to pay overtime compensation. *Id.* at 932. At the summary judgment stage, the plaintiff, relying on *Wineman*, contended that her FLSA claims were not time-barred by a six-month limitations provision in her employment agreement. The court declined to follow *Wineman*, reasoning that the subsequent *Penn Plaza* decision limited *Barrentine* to its facts, and found that federal statutory procedural rights may be abridged. *Id.* The court observed that several courts had found that limitations provisions were enforceable as to other federal statutes, including discrimination claims under § 1981, ERISA claims, and FMLA claims. *Id.* at 933. It is also noted that, as a general matter, statutes of limitations are procedural, not substantive. *Id.* However, without any analysis specific to the FLSA, the court summarily concluded that the FLSA statute of limitations is procedural and, therefore, waivable.[7]

---

[7]This section of the *Boaz* opinion concerned the plaintiff's claim that her employer had violated the Equal Pay Act ("EPA") amendment to the FLSA by paying her less than it had paid an equivalent male employee. *Id.* at 932-34. Later in the opinion, the court considered the plaintiff's claim that her employer had also violated the FLSA by failing to pay her required overtime compensation. *Id.* at 935-36. The court enforced the six-month contractual limitation

11

Thus, although *Boaz* and *Wineman* reached differing conclusions about the enforceability of a contractual limitation on FLSA claims, neither reached the crucial inquiry presented here. In particular, the reasoning in *Boaz* is flawed for two reasons. First, the *Boaz* court misinterpreted *Penn Plaza*, which merely held that statutory claims may be arbitrated, but did not address whether the statute of limitations for any federal statute – let alone the FLSA – constituted a waivable right. Second, the court should not have concluded that the FLSA statute of limitations was purely "procedural" without assessing whether enforcing a shortened limitation on FLSA claims prevented successful plaintiffs from vindicating their substantive right to full compensation.

## III. Severability of the Contractual Limitations Provision

Plaintiffs contend that, because the contractual limitations bar is not enforceable, the entire Agreement is void, notwithstanding the severability clause. This position contradicts Sixth Circuit precedent, which strongly favors enforcement of severability clauses in mandatory arbitration agreements. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 675 (6th Cir. 2003). As noted above, the Sixth Circuit in *Morrison* determined that a mandatory arbitration agreement contained two unenforceable provisions, one purporting to limit the plaintiff's remedies and a second requiring the plaintiff to split the arbitration costs. The arbitration agreement in question contained a severability clause. The Sixth Circuit found as follows:

> Supreme Court precedent dictates that we resolve any doubts as to arbitrability in favor of arbitration. Similarly, we have held recently that, *when the arbitration agreement at issue includes a severability provision, courts should not lightly conclude that a particular provision of an arbitration agreement taints the entire agreement*. For these reasons, we agree that [the severability clause] manifests the parties' intent to sever any terms determined to be invalid and to allow all

---

to bar that claim "[f]or the same reasons as articulated under Boaz's EPA claim." *Id.* at 936.

12

claims to proceed to arbitration under the remaining provisions of the agreement.

*Id.* at 674. (emphasis added) (quotations and internal citations omitted). Accordingly, the Sixth Circuit held that the district court should have compelled arbitration only after severing the two unenforceable provisions. *Id.* at 675.

Here, the court must reach the same result. Save for the limitations provision, Plaintiffs do not challenge any aspect of the Agreement. Indeed, with the exception of the limitations clause, the Agreement appears designed to place the parties in essentially the same position in arbitration that they would have occupied before this court, at no added cost to employees. Thus, the Agreement is even more favorable to employees than the arbitration agreement at issue in *Morrison*, which the Sixth Circuit enforced after severing the two unenforceable provisions. Plaintiffs offer no basis why the court should not similarly enforce the severability clause here.

Accordingly, the court finds that the unenforceable limitations provision does not "taint" the entire Agreement and, therefore, is severable. The Plaintiffs must submit their claims through the alternative dispute resolution process outlined in the Agreement. If the claims proceed to arbitration, the arbitrator will simply be bound to enforce the FLSA limitations provisions, rather than the one-year contractual limitations provision.[8]

Because all of the Plaintiffs' claims are subject to mandatory alternative dispute resolution, this matter must be dismissed. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (quoting *Alford v. Dean Witter*

---

[8]This court has determined that the Agreement's limitations provision is unenforceable only as to FLSA claims, which are the only claims asserted in the Complaint. The court makes no finding as to whether the provision is enforceable as to non-FLSA claims.

13

Case 3:11-cv-00747 Document 46 Filed 11/14/11 Page 13 of 15 PageID #: 579

*Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

### IV. Request for Expedited Notice to the Putative Class

Plaintiffs have requested issuance of notice to the putative class of similarly situated plaintiffs, regardless of the court's decision on this motion. Plaintiffs note that the plaintiff in *Boaz* recently received conditional certification to appeal the district court's finding that a six-month contractual limitation on the plaintiff's FLSA claim was enforceable. Plaintiffs contend that, "[i]f the appellate court sides with the plaintiff in *Boaz* it will render BrickTop's arbitration agreements unenforceable." (Docket No. 30 at p. 10.) Plaintiffs also contend that, while the *Boaz* appeal is pending, certain members of the putative class may have their right to sue extinguished.

The request for expedited notice must be denied as moot. Regardless, the *Boaz* appeal does not concern whether an unenforceable provision is severable from a mandatory arbitration agreement, a dispositive issue on which the Sixth Circuit has already ruled. *See Morrison*, 317 F.3d at 674. As detailed above, whether or not the contractual statute of limitations on FLSA claims is enforceable, the Plaintiffs are obligated to assert their claims through the otherwise enforceable (and unchallenged) alternative dispute resolution process set forth in the Agreement. A decision on appeal in *Boaz* will not change that manifest obligation.

### CONCLUSION

For the reasons stated herein, the one-year contractual limitations bar is **SEVERED** from the Agreement as to FLSA claims, the case is **DISMISSED WITH PREJUDICE**, and the Motion to Expedite Court-Supervised Notice is **DENIED** as moot.

```
_____
ALETA A. TRAUGER
```

14

United States District Judge